IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH LEE HOLCOMB : | |
|    Plaintiff : | |
| : | |
|    v. : | CIVIL ACTION NO. L-05-2849 |
| : | |
| WARDEN : | |
|    Defendant. : | |

**MEMORANDUM**

Pending is Kenneth Lee Holcomb's ("Holcomb") civil action. No oral argument is necessary because the case is subject to summary dismissal upon preliminary review. For the reasons stated below, the Court will, by separate Order, DISMISS the case WITHOUT PREJUDICE.

**I.   BACKGROUND**

Holcomb is a Maryland inmate confined at the Eastern Correctional Institution. In a letter to the Court dated October 15, 2005, he claims that he was convicted in state court of first degree murder and received a life sentence. He states that since 1988, he has been seeking state post-conviction relief, but that "everything that pertains to this Petitioner's case has been destroyed." (Docket No. 1). He asks the Court to compel the State of Maryland to turn over trial transcripts and all evidence pertaining to his criminal case so that the state court appeal process can proceed.[1] In addition, he claims that he was not afforded due process of law during his trial and, therefore, asks the Court to grant him a new trial or, in the alternative, release him from confinement, if he is not allowed to proceed with the appeal process.

---

[1]   It is unclear whether he appealed his conviction and sentence and, if so, where the appeal stands.

## II.     ANALYSIS

The Court, construing Holcomb's letter liberally,[2] deems it a hybrid mandamus/habeas corpus petition, filed pursuant to 28 U.S.C. §§ 1361 & 2254.

### A.     Mandamus Petition

Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  However, a federal district court has no mandamus jurisdiction over state agencies or employees and cannot compel the State of Maryland to produce transcripts or evidence.  See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969).  Accordingly, the Court DISMISSES Holcomb's petition to the extent that it seeks mandamus relief.

### B.     Habeas Petition

To the extent that Holcomb is challenging the validity of his state conviction or sentence and seeks a new trial or release from confinement, the Court will DISMISS his petition WITHOUT PREJUDICE.  His petition provides no specifics about the history of his case or the alleged grounds for relief, and it appears that he may not have exhausted his state remedies.  If Holcomb wishes to challenge his state court conviction or sentence, he may complete the attached 28 U.S.C. § 2254 form petition and file it with the Court.  His petition must (i) describe the history of his criminal case; (ii) state the specific relief that he is seeking; (iii) explain why his petition is timely; and (iv) explain how he has exhausted his state remedies.

---

[2] See  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

## III.     CONCLUSION

For the aforementioned reasons, the Court will DISMISS Holcomb's petition WITHOUT PREJUDICE to re-filing using the attached 28 U.S.C. § 2254 petition form.

Dated this 31st day of October, 2005.

/s/
Benson Everett Legg
Chief Judge
